UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LINCOLN VALLEY LLC | ) | |
|     Plaintiff, | ) | C.A. NO.: |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RSUI GROUP, INC. | ) | |
| d/b/a COVINGTON SPECIALTY | ) | |
| INSURANCE COMPANY | ) | |
|     Defendant. | ) | |

## COMPLAINT AND JURY DEMAND

### PARTIES

1.  Plaintiff Lincoln Valley LLC (hereinafter "Lincoln Valley") is a corporation organized and operating under the laws of the State of Rhode Island.

2.  Defendant RSUI Group, Inc. d/b/a Covington Specialty Insurance Company (hereinafter "RSUI") is a Georgia insurance corporation, with its principal place of business at 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia.  RSUI does business in Rhode Island.

### GENERAL ALLEGATIONS

3.  At all relevant times, Plaintiff Lincoln Valley owned and leased a commercial building located at 65 Industrial Circle, Lincoln, Rhode Island (hereinafter the "Property").

4.  Defendant RSUI issued insurance policy number VBA201734 to Plaintiff Lincoln Valley whom insured the Property with respect to any property damages, with effective dates of August 1, 2013 to August 1, 2014 (hereinafter the "Policy").

5.  During the severe winter season of 2014, freezing temperatures and extreme weather that existed in and around Lincoln, Rhode Island.

6.  As a result of extreme winter weather, snow and/or ice buildup, and/or other weather-related causes during the winter season of 2014, the roof at the Property was severely damaged.

7.  A covered cause of loss under the Policy caused direct physical loss and damage to the Property and other business personal property covered under the Policy.

8.  Plaintiff Lincoln Valley properly presented claims under the Policy and demanded payment under the Policy.

866674_1

9.   Plaintiff Lincoln Valley presented Defendant RSUI with evidence from a roofing expert that established that the cause of the roof damage to the Property was by a covered cause of loss under the Policy.

10.  Defendant RSUI wrongfully denied insurance coverage for the damage to the Property.

11.  Defendant RSUI has wrongfully failed to present a reasonable and/or accurate explanation for the basis of its coverage position concerning the damage to the roof of the Property.

12.  Defendant RSUI has unreasonably delayed its investigation and/or settlement of the Plaintiff Lincoln Valley's claim concerning the damage to the roof of the Property.

## COUNT I
## (BREACH OF CONTRACT)

13.  Plaintiff Lincoln Valley repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 12 above, as if expressly rewritten and set forth herein.

14.  Defendant RSUI contracted and agreed to provide insurance for the Plaintiff Lincoln Valley under the Policy concerning the Property during the winter season of 2014.

15.  Defendant RSUI breached its contract with the Plaintiff Lincoln Valley by improperly denying coverage for the loss that occurred during the winter season of 2014.

16.  Plaintiff Lincoln Valley has sustained damages, including, but not limited to, consequential damages, as direct and proximate result of Defendant RSUI breach of its contract with Plaintiff Lincoln Valley.

WHEREFORE, Plaintiff Lincoln Valley respectfully demands that judgment enter on behalf of it against Defendant RSUI in the maximum amount allowed by law, plus interest, costs and attorneys' fees and all other amounts which are recoverable by law.  Furthermore, Plaintiff Lincoln Valley demands judgment against Defendant RSUI in an amount that will adequately compensate it for its damages and losses, together with interest and costs.

## COUNT II
## (DECLARATORY RELIEF)

17.  Plaintiff Lincoln Valley repeats, re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 16 above, as if expressly rewritten and set forth herein.

18.  Plaintiff Lincoln Valley is entitled to payment under the Policy because the event was a "covered cause of loss."

19.  Based upon the foregoing, Plaintiff Lincoln Valley asserts that an actual and bona fide controversy exists between the parties as to their legal relations with respect to the Policy and to the damages following the event, and these rights and liabilities can be determined by Declaratory Judgment.

20.     By reason of the foregoing, Plaintiff Lincoln Valley is entitled to a declaration that
        Defendant RSUI owes coverage to Plaintiff Lincoln Valley under the Policy for damages
        that were caused by the event.

WHEREFORE, the Plaintiff Lincoln Valley prays that this Court declare as follows:

   a.     There is coverage under the Policy for Plaintiff Lincoln Valley's claim
          concerning the damage to the Property;

   b.     Plaintiff Lincoln Valley is entitled to a declaration that Defendant RSUI owes
          coverage to Plaintiff Lincoln Valley under the Policy for the damages to the
          Property during the winter season of 2014;

   c.     Defendant RSUI wrongfully denied coverage concerning the damage to the
          Property; and

   d.     Award to Plaintiff Lincoln Valley the costs herein expended such other relief as
          this Court deems just and proper.

## COUNT III
## (BAD FAITH)

21.     Plaintiff Lincoln Valley repeats, re-alleges and incorporates by reference the allegations
        contained in Paragraphs 1 through 20 above, as if expressly rewritten and set forth herein.

22.     Defendant RSUI in its authorized capacity to issue policies of insurance has a duty to
        deal in good faith with the Plaintiff Lincoln Valley.

23.     Defendant RSUI, by and through its own acts or the acts of its agents, servants, or
        employees, has failed to deal in good faith in the adjustment of the losses sustained by the
        Plaintiff Lincoln Valley.

24.     Defendant RSUI, by and through its own acts or the acts of its agents, servants, or
        employees, has engaged in "unfair claim practices" under the Unfair Claims Settlement
        Practices Act, R.I. Gen Laws §§ 27-9.1-1 *et seq.*, and in bad faith in violation of Rhode
        Island law.

25.     As a result of said tortious actions by Defendant RSUI, Plaintiff Lincoln Valley has been
        damaged.

26.     Plaintiff Lincoln Valley brings this action pursuant to Rhode Island common law and/or
        Rhode Island General Law 9-1-33 for failure of the Defendant RSUI to act in good faith,
        to properly investigate, to bargain, to defend, and/or to pay according to the provisions
        set forth in the Policy.

        WHEREFORE, Plaintiff Lincoln Valley demand judgment against Defendant RSUI for
punitive damages and compensatory damages together with reasonable attorney's fees for bring
said action.

## DEMANDS FOR RELIEF

WHEREFORE, Plaintiff Lincoln Valleys requests that the Court:

1.  Enter a judgment against the Defendant RSUI declaring that the Defendant RSUI is legally and financially responsible for the damages that the Plaintiff Lincoln Valley sustained;

2.  Award Plaintiff Lincoln Valley compensatory damages against the Defendant RSUI in an amount equal to the damage it has incurred and suffered to its real and personal property;

3.  Award Plaintiff Lincoln Valley its costs of suit, including attorneys' and expert witnesses' fees;

4.  Award Plaintiff Lincoln Valley interest, including, but not limited to, pre-judgment interest;

5.  Award Plaintiff Lincoln Valley punitive damages; and

6.  Fashion such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Lincoln Valley hereby demands a trial by jury on all claims so triable.


Respectfully submitted,
Plaintiff,
Lincoln Valley LLC
By its attorney,


John A. Donovan III (#5707)
jdonovan@sloanewalsh.com
Sloane and Walsh, LLP
Three Center Plaza, 8th Floor
Boston, Massachusetts 02108
(617) 523-6010

Rhode Island Office:
127 Dorrance Street
Providence, RI  02903

Dated:  9/10/14

866674_1